**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD THOMAS, | No. 09-17212 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00855-CMK |
| v. | |
| J. LAWRENCE WRIGHT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding[**]

Submitted February 15, 2011[***]

Before:      CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Edward Thomas, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to the jurisdiction of the magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's application of substantive law, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court did not clearly err by deciding disputed issues of fact in favor of defendants and finding that Thomas was not prevented from filing grievances. *See id*. at 1119-20 ("In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."). Accordingly, the district court properly dismissed the action because Thomas failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules).

**AFFIRMED.**